**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROSE ANN COMPTON** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Case No. 08-CV-002 |
| v. | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **SWAN SUPER CLEANERS, INC., et. al.,** | : | Magistrate Judge Norah M. King |
| | : | |
| **Defendants.** | | |

<u>**OPINION & ORDER**</u>

**I.  INTRODUCTION**

This matter is before the Court on Defendants Swan Super Cleaners, Inc., and Paul Gelpi's Motion to Dismiss Plaintiff Rose Compton's complaint.  Plaintiff sued Defendants for employment discrimination.  Defendants urge the Court to dismiss three of the complaint's five counts on the grounds that: (1) Plaintiff's retaliation and age discrimination claims are untimely; and (2) the availability of adequate statutory remedies precludes her common-law tort claim.  For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss with respect to Counts I and IV of the complaint, but **DENIES** it as to Count II.

**II.  BACKGROUND**

Swan Super Cleaners employed Plaintiff as a regional manager, a position in which she supervised a chain of nineteen retail dry-cleaners.  In April 2007, Plaintiff was hospitalized with chronic pulmonary obstruction as a result of exposure to toxic dry-cleaning chemicals.  She filed for workers' compensation benefits.  On May 22, 2007, Plaintiff's treating physician reported to Swan Super Cleaners that although Plaintiff could return to work in an administrative capacity, she could not risk exposure to any of the chemicals used in the dry-cleaning industry.  Two days later, company president Paul Gelpi denied Plaintiff's request to return to work.  Gelpi told

Plaintiff that she must retire because she was no longer capable of performing her duties as regional manager.  To no avail, Plaintiff demanded to be reinstated.  On June 29, 2007, the company sent Plaintiff a formal letter stating that she had retired from the company.

On November 27, 2007, Plaintiff sued Swan Super Cleaners and Gelpi in Ohio state court.  She asserted five counts in her complaint: (1) retaliation for filing a workers' compensation claim in violation of O.R.C. § 4123.90; (2) age discrimination in violation of O.R.C. § 4112; (3) disability discrimination in violation of O.R.C. § 4112; (4) wrongful discharge in violation of Ohio public policy; and (5) retaliation for claiming medical leave in violation of 29 U.S.C. § 2601 *et seq.*, the Family Medical Leave Act.  Defendants removed to this Court and move to dismiss Counts I, II, and IV of the complaint.

### III.  STANDARD OF REVIEW

In adjudicating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is limited to evaluating whether the complaint sets forth allegations sufficient to satisfy the elements of a cause of action.  *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Although liberal, this standard of review "requires more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A "formulaic recitation of the elements of a cause of action will not do. . . ."  *Id.*  Rather, a plaintiff's factual allegations must "raise a right to relief above the speculative level."  *Id.* at 1974.

### IV.  LAW AND ANALYSIS

Defendants move to dismiss: (1) Counts I and II of the complaint on the grounds that Plaintiff's retaliation and age discrimination claims are untimely; and (2) Count IV because the availability of adequate statutory remedies precludes Plaintiff's common-law tort claim.

### A.  STATUTES OF LIMITATIONS

#### 1.  Retaliation

Defendants contend that the 180-day statute of limitations bars Plaintiff's claim for wrongful discharge in retaliation for claiming workers' compensation benefits.  *See* O.R.C. § 4123.90.  Defendants argue that Swan Super Cleaners fired Plaintiff on May 24, 2007.  Plaintiff filed her complaint on November 27, 2007, 187 days later.  Plaintiff counters that although Gelpi attempted to coerce her into resigning in May, she continued to negotiate with the company until it sent a letter formally terminating her on June 29, 2007.

Under Ohio law, "a cause of action does not accrue until such time as the infringement of a right arises."  *State ex rel. Teamsters Local Union 377 v. Youngstown*, 364 N.E.2d 18, 20 (Ohio 1977).  The statute of limitations begins to run when "the operative decision [is] made-and notice given-[even if notice is given] in advance of a designated date on which employment is terminated."  *Kozma v. AEP Energy Serv.*, No. 04AP-643, 2005 WL 615649, at *10 (Ohio Ct. App. Mar. 17, 2005).  Indeed, the "proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful."  *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (emphasis added).

According to the complaint, on May 24, 2007, Gelpi "pronounced that Plaintiff was 'retiring,' declaring that 'when baseball and football players get hurt, their career ends.'"  After this meeting, Plaintiff never returned to work despite her pleas for reinstatement.  Accordingly,

the allegedly discriminatory act—Plaintiff's involuntary retirement—occurred on May 24, 2007. At that point, the clock started to run. The fact that the company sent Plaintiff a letter in June 2007 reiterating this decision is irrelevant for the purposes of determining the date upon which Plaintiff's cause of action accrued. *See Kozma*, 2005 WL 615649, at *11. Further, Plaintiff declared under the penalty of perjury in her complaint to the Ohio Civil Rights Commission that she "was let go on 5-30-07." This is curiously inconsistent with Plaintiff's pleadings in this case.[1] Plaintiff's administrative complaint confirms that the company terminated her in May 2007, not June, as Plaintiff now contends. Plaintiff's retaliatory discharge claim is therefore untimely and Count I of the complaint is dismissed.

## 2. Age Discrimination

Defendants also contend that Plaintiff's age discrimination claim is untimely. The Ohio Revised Code contains three statutory provisions under which a plaintiff can bring an age discrimination claim to court: (1) § 4112.02,[2] a general anti-discrimination statute that explicitly creates a private cause of action for age discrimination; (2) § 4112.14,[3] the only provision

---

[1] Even if the Court construes May 30, 2007, as the date upon which the company terminated Plaintiff, her complaint would be untimely as she filed it 181days later.

[2] O.R.C. § 4112.02 prohibits:

(A) any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

[3] O.R.C. § 4112.14(A) provides:

[n]o employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and

exclusively dedicated to creating a private cause of action for age discrimination; and (3) § 4112.99,[4] a catch-all civil-rights remedy which creates a private cause of action for any violation of Ohio's anti-discrimination statute. *Elek v. Huntington Nat'l Bank*, 573 N.E.2d 1056, 1057 (Ohio 1991); *Vinson v. Diamond Triumph Auto Glass*, 778 N.E.2d 149, 151 (Ohio Ct. App. 2002).

There is no uniform statute of limitations for age discrimination claims under Ohio law. Section 4112.02(N) imposes an 180-day statute of limitations. Although § 4112.14 sets forth no explicit limitations period, the Ohio Supreme Court has construed it to be six years. *Morris v. Kaiser Engineers*, *Inc.*, 471 N.E.2d 471, 473 (Ohio 1984); *Meyer v. United Parcel Serv.*, No. C-060772, 2007 WL 4554006, at *3 (Ohio Ct. App. Dec. 28, 2007). By contrast, the Ohio Supreme Court has held that the catch-all provision, § 4112.99, is subject to six-year statute of limitations unless a more specific statutory provision supercedes this period. *Cosgrove v. Williamsburg of Cincinnati Mgt. Co.*, *Inc.*, 638 N.E.2d 991, 994 (Ohio 1994).

Plaintiff brought her age discrimination claim under § 4112.99, the catch-all anti-discrimination provision. In arguing that Plaintiff's claim is untimely, Defendants rely upon *Bellian v. Bicron Corp.*, 634 N.E.2d 608, 610 (Ohio 1994), in which the Ohio Supreme Court affirmed the dismissal of a § 4112.99 age discrimination claim because the plaintiff did not comply with the 180-day statute of limitations set forth in § 4112.02(N). *Id*. Although the

---

laws pertaining to the relationship between employer and employee.

[4]O.R.C. § 4112.99 provides:

[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief.

-5-

*Bellian* court conceded that § 4112.99 "creates an independent civil action to remedy any form of discrimination in R.C. Chapter 4112" it cautioned that "there may be instances where R.C. 4112.99 would conflict with other more specific provisions of R.C. Chapter 4112." *Id*. at 610. Whereas § 4112.02 expressly creates an age discrimination cause of action and sets forth an 180-day statute of limitations, § 4112.99 is a general anti-discrimination remedy and does not contain a limitations period. Applying the rule of statutory construction whereby a specific provision prevails over a more general one, the Ohio Supreme Court concluded that the 180-day statute of limitations set forth in § 4112.02(N) also governed age discrimination claims brought under § 4112.99, the more general catch-all provision. *Id*.

If *Bellian* was the last word on age discrimination claims under Ohio law, Plaintiff's claim, also brought under the § 4112.99 catch-all provision, would obviously be untimely. But shortly after *Bellian*, the Ohio General Assembly created § 4112.14, the only provision in the Revised Code dedicated exclusively to age discrimination claims. *See* S.B. No. 162, 121st Gen. Ass. File 37 (Ohio 1995). Although § 4112.14 does not set forth a statute of limitations,[5] Ohio courts have consistently held it to be six years. *See Meyer*, 2007 WL 45540006, at *4; *Camardo v. QualChoice, Inc.*, No. 84954, 2005 WL 926998, at *2 (Ohio Ct. App. Apr. 1, 2005); *Ferraro v. B.F. Goodrich Co.*, 777 N.E.2d 282, 289 (Ohio Ct. App. 2002); *Zeigler v. IBP Hog Market*, 249 F.3d 509, 518 (6th Cir. 2001).

*Bellian* was premised on the rationale that the specific statute of limitations set forth in §

---

[5]Following the enactment of § 4112.14, the Ohio legislature passed the Tort Reform Act, which amended § 4112.14 to include a two-year statute of limitations. *Id.* However, the Ohio Supreme Court declared that the Tort-Reform Act, including the modification of § 4112.14, was unconstitutional. *See State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 715 N.E.2d 1062, 1111 (Ohio 1999).

4112.02(N) for age discrimination claims superceded § 4112.99, the more general catch-all anti-discrimination provision. By this logic, the addition of § 4112.14 to the Revised Code negates the primacy of § 4112.02(N). The reason is simple. Recall that § 4112.99 is subject to six-year statute of limitations unless a more specific statutory provision supercedes this period. *Cosgrove*, 638 N.E.2d at 294. As it stands today, there are two specific provisions of the Revised Code creating an age discrimination cause of action: § 4112.02(N), with an 180-day statute of limitations, and § 4112.14, with a six-year statute of limitations. Because the specific provisions conflict as to the limitations period, they cannot supercede the catch-all provision, § 4112.99, which reverts to the pre-*Bellian* six-year statute of limitations.

In *Meyer v. United Parcel Service*, an Ohio Court of Appeals recently confirmed this interpretation of the state's age discrimination remedies. 2007 WL 4554006, at *5. Meyer brought an age discrimination claim under § 4112.99. *Id*. at 4. His employer argued that his claim was untimely as it was not filed within the 180-day statute of limitations set forth in § 4112.02(N). *Id*. The appellate court disagreed, holding that in light of § 4112.14, *Bellian* was no longer good law. *Id*. Accordingly, the court concluded that age discrimination claims brought under § 4112.99 are subject to a six-year statute of limitations. *Id*. at 5. This rationale applies with equal force to this case. Plaintiff's § 4112.99 age discrimination claim is timely and Count II is not dismissed.

## B. COMMON-LAW TORT CLAIM

Defendants move to dismiss Plaintiff's common-law tort claim because it is precluded by available statutory remedies. Ohio common law recognizes a limited exception to the employment-at-will doctrine for adverse employment actions that contravene public policy.

*Greeley v. Miami Valley Maint. Constr., Inc.*, 551 N.E.2d 981, 985 (Ohio 1990). In order to prevail on such a common-law tort claim, a plaintiff must show that: (1) a state or federal constitution, statute, administrative regulation, or the common law created a clear public policy (the clarity element); (2) absent a common-law tort remedy, a wrongfully discharged employee would have no remedy by which to hold her employer to account, effectively jeopardizing the policy (the jeopardy element); (3) the employer terminated the employee for conduct protected by the policy (the causation element); and (4) the employer lacked a legitimate business reason for dismissing the employee (the overriding justification element). *Painter v. Graley*, 639 N.E.2d 51, 57 n.8 (Ohio 1994). The clarity and jeopardy elements are questions of law to be determined by the court. *Collins v. Rizkana*, 652 N.E.2d 653, 658 (Ohio 1995).

Defendants dispute whether Plaintiff's claim satisfies the jeopardy element. To do so, a plaintiff must show that without a common-law tort remedy, a wrongfully-discharged employee would have no adequate remedy by which to redress an employer's discriminatory dismissal. *Leininger v. Pioneer Nat'l Latex*, 875 N.E.2d 36, 41 (Ohio 2007). By comparison, when a "statutory scheme contains a full array of remedies, the underlying public policy will not be jeopardized if a common-law claim for wrongful discharge is not recognized. . . ." *Id.* at 42. Simply put, "there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests" by discouraging the wrongful conduct. *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 531 (Ohio 2002).

Plaintiff alleges that she was dismissed in violation of Ohio's public policy prohibiting age discrimination, retaliation for filing a workers' compensation claim, and disability discrimination. The Ohio Supreme Court recently held that a "common-law tort claim for

-8-

wrongful discharge based on Ohio's public policy against age discrimination does not exist, because the remedies in R.C. Chapter 4112 provide complete relief for a statutory claim of age discrimination." *Leininger*, 875 N.E.2d at 44. In a subsequent decision, the court held that "an employee who is terminated [sic] while receiving workers' compensation has no common-law cause of action for wrongful discharge in violation of the public policy underlying R.C. 4123.90, which provides the *exclusive* remedy for employees claiming termination in violation of rights conferred by the Workers' Compensation Act." *Bickers v. W. & S. Life Ins. Co.*, 879 N.E.2d 201, 207 (Ohio 2007) (emphasis added). As such, Plaintiff cannot maintain a common-law tort claim for either age discrimination or workers' compensation retaliation.

The same rationale precludes Plaintiff's common-law claim for disability discrimination. The jeopardy element is satisfied "only when there are no alternative means of enforcing the public policy or, if a particular statute applies, the remedies therein are inadequate." *Id*. Section § 4112.02 creates a cause of action for wrongful discharge on account of a perceived or actual disability and provides that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." Where, as here, "the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, the adequacy of remedies becomes a particularly important component of the jeopardy analysis." *Collins*, 652 N.E.2d at 657.

The Ohio Supreme Court has construed § 4112.02 to allow for the full panoply of remedies, including compensatory and punitive damages. *Rice v. CertainTeed Corp.*, 704 N.E.2d 1217, 1221 (Ohio 1999). Thus, § 4112.02 provides broad relief which "is sufficiently comprehensive to vindicate the policy goals set forth in that statute." *Barlowe v. AAAA Int'l*

*Driving Sch.*, No. 19794, 2003 WL 22429543, at *8 (Ohio Ct. App. Oct. 24, 2003).  In fact, the Ohio Supreme Court recently held that the remedial scheme set forth in § 4112.02 provides complete relief for an age discrimination claim.  *Leininger*, 875 N.E.2d at 44.  There is no reason to suspect that the same remedial scheme is inadequate when applied to disability discrimination claims.  *See Barlowe*, 2003 WL 22429543, at *8 (affirming the dismissal of plaintiff's common-law tort claim for disability discrimination because § 4112 adequately protect society's interest); *accord Berge v. Columbus Cmty. Cable Access*, 736 N.E.2d 517, 535 (Ohio Ct. App. 1999); *but cf. Goss v. Kmart Corp.*, No. 2006-T-0117, 2007 WL 1810523, at *4 (Ohio Ct. App. June 22, 2007) (permitting a plaintiff to survive a motion to dismiss on a common-law tort claim for disability discrimination).  Because the statutory remedy adequately protects society's interest in punishing and deterring disability discrimination among employers, the public policy is not jeopardized by the lack of a common-law tort remedy.  As such, Plaintiff's common-law tort claims set forth in Count IV of the complaint are dismissed.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss with respect to Counts I and IV of the Complaint, but **DENIES** it as to Count II.

**IT IS SO ORDERED**.

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: April 29, 2008**